AUSA: Susan Fairchild Telephone: (313) 226-9577

AO 91 (Rev. 11/11) Criminal Complaint Officer: Hung Quach Telephone: (313) 393-3793

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America
v.
Jorge REYES CRISOSTOMO

Case No. Case: 2:26−mj−30553
Assigned To : Unassigned
Assign. Date : 9/10/2026
Description: RE: JORGE REYES CRISOSTOMO (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 7, 2026 in the county of Wayne in the Eastern District of Michigan, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Hung Quach, USBP Officer
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

*Judge's signature*

Date: September 10, 2026

City and state: Detroit, MI

Honorable David R. Grand, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Hung P. Quach, being duly deposed and sworn, state:

1. I am an Admissibility Enforcement Officer with the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP). I have been employed with the same for over five years. During my career as a law enforcement officer, I have been involved in various investigations and arrests concerning the re-entry of removed aliens, and I have received training in this area.

2. The information set forth below is for the limited purpose of establishing probable cause that the defendant, Jorge Geremias REYES-CRISOSTOMO, violated Title 8, United States Code, Section 1326(a). Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3. The defendant, REYES-CRISOSTOMO, is a 36-year-old male native of Guatemala and citizen of Mexico, who last entered the United States at or near an unknown place, on or about unknown date, without being admitted, inspected, or paroled into the United States by an immigration officer.

4. On September 07, 2026, at approximately 12:57 p.m., REYES-CRISOSTOMO was encountered by CBP on primary lane 15 at the Gordie Howe International Bridge in Detroit, Michigan, when he stated he is currently residing in the United States as an undocumented immigrant. REYES-CRISOSTOMO was escorted into secondary for further inspection. REYES-CRISOSTOMO was driving a vehicle which had New York license plates.

5. In the secondary inspection area, REYES-CRISOSTOMO's fingerprints were queried through the Automated Fingerprint Identification System (IDENT) and the Integrated Automated Identification System (IAFIS) which resulted in matches to Fingerprint Identification Number (FIN) XXXX1558 and FBI

number XXXXXXPC2, which correspond to the Immigration records noted below.

6. I queried REYES-CRISOSTOMO through the Enforce Alien Removal Module (EARM), an immigration database maintained by DHS which contains information about aliens who are removed from the United States and found him to be a match to Alien File XXX XXX 873, with the immigration history noted below.

7. On or about December 15, 2006, REYES-CRISOSTOMO was arrested by United States Border Patrol (USBP) near Hebbronville, Texas, after he admitted to having last crossed into the United States illegally by crossing the Rio Grande River on a boat near Roma, Texas, on December 08, 2006, at a place not designated as a Port of Entry by the Secretary of Homeland Security or the Attorney General of the United States, thereby avoiding inspection by an Immigration Officer of the United States. REYES-CRISOSTOMO was neither inspected, admitted nor paroled by an Immigration Officer of the United States. At the time of this encounter, REYES-CRISOSTOMO claimed that he was born on August XX, 1990, in Guatemala, and he was 16 years old. REYES-CRISOSTOMO was processed for a Notice to Appear pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), as amended. REYES-CRISOSTOMO was ultimately released by the Office of Refugee Resettlement (ORR) to a non-relative sponsor.

8. On or about April 19, 2011, an Immigration Judge in Orlando, Florida, granted REYES-CRISOSTOMO a voluntary departure to Guatemala. REYES-CRISOSTOMO was given until August 17, 2011, to depart the United States. He failed to depart and on or about August 17, 2011, a Final Order of Removal was issued by an Immigration Judge.

9. On or about April 12, 2019, REYES-CRISOSTOMO was arrested by USBP near Abram, Texas, after unlawfully entering

the United States. REYES-CRISOSTOMO was not at the time inspected or admitted by an Immigration Officer at a Port of Entry as designated by the Secretary of Homeland Security. During this encounter, REYES-CRISOSTOMO claimed that he was born on August XX, 1990, in Guatemala. Border Patrol served REYES-CRISOSTOMO a Reinstatement of Prior Order of Removal under section 241(a)(5) of the Immigration and Nationality Act. He was removed to Guatemala on or about April 25, 2019, through Valley International Airport.

10. I queried REYES-CRISOSTOMO through the Central Index System (CIS) and Computer Linked Application and Information Management System (CLAIMS). These databases are maintained by DHS to contain information relating to applications for immigration benefits and/or relief. Review of records for REYES-CRISOSTOMO and queries in Department of Homeland Security data bases confirm that no record exists of him obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States.

11. I queried REYES-CRISOSTOMO through the Consular Consolidated Database (CCD), a database maintained by the Department of State which contains passport and visa applications and records. I found no record of REYES-CRISOSTOMO having applied for or receiving a United States visa of any kind or classification.

12. I queried REYES-CRISOSTOMO through TECS, a United States Government database that contains information about all persons who arrive in the United States at a designated port of entry and apply for admission. I found no record of REYES-CRISOSTOMO ever lawfully arriving or being inspected, admitted, or paroled into the United States by a United States border official.

13. REYES-CRISOSTOMO was arrested and detained by CBP on September 07, 2026, for administrative processing and reinstatement of his prior removal order.

14. I advised REYES-CRISOSTOMO of his Miranda rights verbally and in writing with the assistance of a Spanish-speaking officer translating from English to Spanish and from Spanish back to English. REYES-CRISOSTOMO acknowledged his rights and agreed to answer questions without an attorney present.

15. During questioning, REYES-CRISOSTOMO claimed to be a native of Guatemala and a citizen of Mexico. REYES-CRISOSTOMO did not make any claim to United States citizenship or lawful permanent resident of the United States. REYES-CRISOSTOMO stated he was going to Syracuse, New York for work and made a wrong turn onto the GHIB. REYES-CRISOSTOMO stated he turned around on the bridge and did not intend to depart the United States.

16. The aforementioned arrest (or apprehension) (and subsequent detention) was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

17. Based on the foregoing, there is probable cause to believe that, on or about September 07, 2026, at or near Detroit, Michigan, in the Eastern District of Michigan, Southern Division, Jorge Geremias REYES-CRISOSTOMO, an alien from Guatemala, who had previously been denied admission, excluded, deported, or removed from the United States on or about April 25, 2019, was found in the United States without the express consent of the Attorney General of the United States or the Secretary of

Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

Hung Quach
Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and signed in my presence and/or by reliable electronic means.

Honorable David R. Grand
United States Magistrate Judge

September 10, 2026